# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ZSOCH DUNN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 14 C 4128 |
| ERIK MACKOWIAK, et al., | ) ) ) |
| Defendants. | ) Judge Rebecca R. Pallmeyer ) ) |

## MEMORANDUM ORDER

On June 4, 2014, Plaintiff Zsoch Dunn initiated this lawsuit, filing a four-count complaint against certain Cook County Sheriff's deputies and the Sheriff himself. Mr. Dunn's original complaint was not signed, but he has since filed two amended complaints. The most recent of these, Plaintiff's second amended complaint, was filed on October 14, 2014 and names Officers Eric Mackowiak, Robert Harling, Thomas Dart, Patricia McClellan, Mark Varkalis, and Richard LoPresti. Defendants have moved to dismiss the second amended complaint. For the reasons explained here, that motion is granted in part and denied in part.

## DISCUSSION

Mr. Dunn's second amended complaint consists of twenty two pages, several of them handwritten. As best the court can interpret his submission, he has asserted five claims: Count I is labelled as a claim for "Unlawful Search Under Section 1983." It consists of a single paragraph in which Mr. Dunn refers to the U.S. Constitution and federal and state statutes, and names several Defendants, but presents no factual allegations of any kind. Count I does not state a plausible claim for relief and is therefore dismissed.

Count II is a claim labelled "Excessive Force/Failure to Intervene under Section 1983." This Count purports to "reallege and incorporate his allegations of paragraphs 1-10 of Count I," but Count I contains no such paragraphs. Count II does allege that Plaintiff was taken into

custody and physically assaulted by Defendant Deputy Sheriff Mackowiak, and that other Defendant Deputy Sheriffs had the ability to intervene in the attack but declined to do so. Although Count II does not identify when or where the alleged assault took place, the court notes that on page 7 of his submission, Mr. Dunn has referred to an incident that occurred on July 12, 2012 at the Municipal Courthouse in Bridgeview, Illinois. The court assumes that Mr. Mackowiak's alleged unlawful conduct occurred on that date, and concludes the allegations of Count II do state a claim for excessive force. Similarly, in Count III, Plaintiff alleges that Defendant McCollum "later admitted to the Plaintiff that they [McCollum and other officers] knew he was coming" (presumably, to the Bridgeview Courthouse on July 12). The court reads *pro se* allegations leniently and concludes that those allegations, though conclusory, state a claim of conspiracy against the Deputy Sheriff Defendants.

The second page of Plaintiff's second amended complaint is handwritten, and appears to identify three more claims (numbered 1, 3, and 4): a claim of spoliation of evidence ("1"); a claim labelled "federal question of constitutionality of a state expungement seal statute" ("3"); and a claim labelled "Federal Whistleblower violation" (4). There are no factual allegations in support of these last two claims. Mr. Dunn has not explained how, when, or where he acted as a "whistleblower," and that claim is dismissed. His challenge to the constitutionality of the state statute is completely undeveloped, but the court notes that he has attached a copy of a decision from the Illinois Appellate Court denying his request that certain criminal records be sealed. Perhaps Mr. Dunn believes that decision was improper; but he has not identified any statute, or explained how it is unconstitutional. That claim, too, is dismissed.

That leaves the spoliation claim. As best the court understands it, Mr. Dunn believes there may have been surveillance video of the event that took place on July 12, 2012 at the Bridgeview Courthouse. Dunn asserts that "a future lawsuit was assured" (Second Amended Complaint [17], at 9), but Mr. Dunn believes the surveillance video was not preserved. Defendants have argued that this claim is time-barred, but the court is less certain. Under

Illinois law, an action for spoliation of evidence is subject to the five-year statute of limitations for civil actions. *Schusse v. Pace Suburban Bus Div. of Regional Transp. Auth.,* 334 Ill. App.3d 960, 970, 779 N.E.2d 259, 267 (1st Dist. 2002). Though Mr. Dunn has not identified which of the Defendants was responsible for maintaining and preserving any surveillance video, his spoliation claim survives this motion.

Finally, the court notes that the complaint states no claim against Sheriff Dart. There is no allegation that Mr. Dart personally deprived Plaintiff of any of his constitutional rights, and a plaintiff seeking to bring a claim under 42 U.S.C. § 1983 may not rely on the doctrine of *respondeat superior* to hold a supervisory official liable for conduct of his subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

## CONCLUSION

Defendants' motion to dismiss [27] is granted in part and denied in part. All claims against Sheriff Dart are dismissed, as are Plaintiff's unlawful search claim (Count One); his whistleblower claim ("4"); and his expungement constitutionality challenge ("3"). Plaintiff's excessive force/failure to intervene claim (Count II); his conspiracy claim (Count III) and his spoliation claim ("1") survive this motion. Plaintiff's motion to dismiss [33] is stricken as moot. Plaintiff is directed to submit a third amended complaint within 21 days, setting forth, in brief numbered paragraphs, the facts in support of the three claims on which the court has permitted him to proceed. The court expects that submission to be typewritten or printed, not handwritten. This case will be referred to Magistrate Judge Kim for a settlement conference.

ENTER:

Date: March 2, 2015

REBECCA R. PALLMEYER
United States District Judge

3